UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21 CR 13 RLW (SRW) |
| | ) |
| BRENDON DARNELL THOMAS, | ) |
| JOSEPH ROBERT HOLLIMAN, | ) |
| DEDRICK DESHON JORDAN, | ) |
| TERRY JAMES WILLIAMS, | ) |
| CLIFFORD DWIGHT DAVIS, JR., | ) |
| MARIA D. FLORES-CERVANTES, | ) |
| JACQUELINE RENEE HARRIS, | ) |
| THOMAS WILLIAM FOGLE, | ) |
| RICHARD LEROY CLARK, | ) |
| SARAH NICOLE REYNOLDS, | ) |
| JOSEPH MICHAEL SURAUD, | ) |
| ALEXANDRA MARNI CHAMBERS, | ) |
| DEIDRE DENISE MEDCALF, | ) |
| DAVID MICHAEL NUELLE, | ) |
| MATTHEW JOSEPH AUBIN and | ) |
| KEVIN JOHN KARLL, | ) |
| | ) |
| Defendants. | ) |

**COMPLEX CASE FINDING**

Currently before the Court is the Government's Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act ("Complex Case Motion").[1] (ECF No. 19). To date, no defendant has filed an objection to designating the matter as a complex case under the Speedy Trial Act. For the reasons stated below, the Court concludes that this matter shall be designated a complex case. A definitive schedule for the filing and consideration of pretrial motions will be filed separately on a later date.

---

[1] All pretrial matters in this cause have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b).

1.      The Speedy Trial Act, 18 U.S.C. § 1361 *et seq.*, provides that "the trial of a defendant charged in an indictment . . . with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

2.      Certain periods of delay are excluded in computing the time within which the trial of an offense must commence. *See* 18 U.S.C. § 3161(h). Among such excluded periods are "delay[s] resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

3.      Another period which may be excluded in computing the time within which the trial of an offense must commence is the delay resulting from a continuance granted on the grounds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This continuance may be granted at the request of a party or by the court on its own motion. *Id.* Section 3161(h)(7)(A) further provides that:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

4.      Section 3161(h)(7)(B) sets forth some of the factors the court should consider when determining whether to grant a continuance under § 3161(h)(7)(A). One of those factors considers the complexity of the case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Section 3161(h)(7)(B)(ii) reads as follows:

2

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

5.     The Government's Complex Case Motion asks the Court to designate the matter as "complex," pursuant to § 3161(h)(7)(B)(ii), based on several facts and circumstances.

6.     The Indictment charges sixteen defendants in a substantial, long-term drug trafficking conspiracy. All of the defendants also face an additional charge for money laundering. Four defendants are charged with weapons offenses. Each defendant faces at least a mandatory minimum term of imprisonment of ten years, and a maximum term of imprisonment of life.

7.     The Government represents that the discovery in this matter will be voluminous and significant. The discovery includes evidence associated with wiretaps covering four different telephones; twenty-five court-authorized warrants for cellular telephones; GPS trackers; search warrants for residences; numerous law enforcement reports; drug and gun laboratory reports; and photographs.

8.     For the foregoing reasons, the Court finds this matter to be complex, as directed in 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that the matter is unusual and complex due to multiple factors, including the nature of the prosecution and the complex issues of law and fact associated therewith, the number of defendants, the potential penalties, as well as the volume and nature of the discovery. The ends of justice will be served by designating this matter as a complex case and outweigh the best interests of the public and the defendant in a speedy trial. The Court also finds that granting this motion is necessary to avoid a miscarriage of justice.

9.     The Court conducted an attorneys-only status conference on February 18, 2021. At the hearing, the Court requested one of the CJA attorneys to draft a case budget. The Court consulted with the parties to establish a definitive schedule for the filing and consideration of

pretrial motions, and to address any other matters that require the Court's attention. The parties need additional time to discuss a specific scheduling order. Therefore, an attorney-only status hearing will be held on **March 22, 2021 at 2:00 pm.** to discuss the scheduling order. A scheduling order will be filed after that hearing.

10. The parties are reminded, given the complex and serious nature of this case, the undersigned will remain available at other reasonable times to resolve any matters which may require the Court's attention.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act, (ECF No. 19), pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), is **GRANTED,** and this matter shall be designated as a complex case.

**IT IS FURTHER ORDERED** that the time granted by this Order, including time to review discovery, is excluded from the computation of the latest date for a trial setting, as prescribed by the Speedy Trial Act.

**IT IS FURTHER ORDERED** that an attorney-only status hearing will be held on **March 22, 2021 at 2:00 pm.** to discuss the scheduling order.

/s/ ***Stephen R. Welby***
STEPHEN R. WELBY
United States Magistrate Judge

Dated this 18th day of February, 2021.